DECISION AND JUDGMENT ENTRY
{¶ 1} Gary Beagle, Administrator of the Estate of Howard Ray Beagle ("Beagle"), appeals the Washington County Court of Common Pleas' summary judgment in favor of Erie Insurance Company ("Erie"). Beagle argues that the trial court erred when it found that his brother, Howard Ray Beagle ("Howard"), was not an insured under a business auto insurance policy with uninsured motorist ("UM") coverage issued to Kirt (sic) Morganstern dba Castle Care Lawn Service by Erie. Beagle contends that the Erie policy used the ambiguous word "you" to define the word "insured," and thus, all of Castle Care Lawn Service employees were insureds under the UM coverage, pursuant to Scott-Pontzerv. Liberal Mut. Life Ins. Co. (1999), 85 Ohio St.3d 660. We disagree because Howard was not acting within the course and scope of his employment at the time of the accident.Scott-Pontzer as limited by Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} In May 1998, uninsured Myron Schwaben negligently and recklessly drove a motor vehicle into a tree. Howard was a passenger and died as a direct and proximate result from the injuries he received in the crash.
 {¶ 3} At the time of the accident, Howard worked for Castle Care Lawn Service, a sole proprietorship owned by Kurt Morganstern. Castle Care Lawn Service had a commercial auto insurance policy with UM coverage through Erie. The applicant for the policy was "Kirt (sic) Morganstern dba Castle Care Lawn Service," and the application was signed by Kurt Morganstern. The declarations page of the policy listed the named insured as "Castle Care Lawn Service."
 {¶ 4} The policy contained an UM endorsement, which extended UM coverage as follows:
"Our Promise
"We will pay damages for bodily injury that the law entitlesyou or your legal representative to recover from the owner of an uninsured motor vehicle * * *."
 {¶ 5} Beagle filed a declaratory judgment action in the trial court against Erie seeking the determination of the amount of UM coverage available under the policy. Beagle argued that the Erie policy used the ambiguous word "you" to define the word "insured," and thus, all of Castle Care Lawn Service's employees were insureds, pursuant to Scott-Pontzer, under the UM coverage. Erie claimed that the word "you" was not ambiguous because the insured was not a corporation like inScott-Pontzer. Erie contended that the insured was just one individual, Kurt Morganstern dba Castle Care Lawn Service. Erie relied on Waters v. George (April 17, 2003), Athens App. No. 02CA36, 2003-Ohio-2093, where we held that there was noScott-Pontzer ambiguity in the use of the word "you" when the named insured was a sole proprietorship instead of a corporation. The trial court agreed with Erie and granted its motion for summary judgment.
 {¶ 6} Beagle appeals and assigns the following assignment of error: "The trial court erred in granting summary judgment in favor of Erie Insurance Company and in denying Plaintiff's motion for summary judgment. (Judgment Entry, July 7, 2003.)"
 II. {¶ 7} Beagle argues that, pursuant to Scott-Pontzer, the policy used the ambiguous word "you" to define "insured." Beagle maintains that the named insured was Castle Care Lawn Service. Beagle concludes that, just like in Scott-Pontzer, all employees of Castle Care Lawn Service were covered under the UM coverage of the policy. We disagree.
 {¶ 8} Summary judgment is appropriate when the court finds that the following factors have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed in his or her favor. Civ.R. 56. See Bostic v. Connor
(1988), 37 Ohio St.3d 144, 146; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Morehead v.Conley (1991), 75 Ohio App.3d 409, 411. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." Morehead v.Conley, 75 Ohio App.3d at 411-12. See, also, Schwartz v. BankOne, Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
 {¶ 9} The burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment.Dresher v. Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseffv. Wheeler (1988), 38 Ohio St.3d 112, 115. The moving party bears this burden even for issues that the nonmoving party may have the burden of proof at trial. Id. "However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings. * * *. He must present evidentiary materials showing that a material issue of fact does exist." Morehead v. Conley, 75 Ohio App.3d at 413.
 {¶ 10} We apply identical standards of interpretation to insurance contracts as we do to other written contracts. HybudEquip. Corp. v. Sphere Drake Ins. Co., Ltd. (1992),64 Ohio St.3d 657, 665. We must give the language of an insurance policy its plain and ordinary meaning. Dairyland Ins. Co. v. Finch
(1987), 32 Ohio St.3d 360, 362. When deciding whether a claimant is an insured under a policy and the contract is ambiguous and susceptible of more than one interpretation, we must liberally construe the language in favor of the policyholder, not the claimant. Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, ¶ 35, 2003-Ohio-5849. We review the interpretation of insurance contracts de novo. Nationwide Mut. Fire Ins. Co. v. Guman Bros.Farm (1995), 73 Ohio St.3d 107, 108.
 {¶ 11} When a corporation is a named insured in an auto policy, an employee of that corporation can make a claim for uninsured motorist coverage provided the policy uses the ambiguous word "you" in the definition of "insured" in the uninsured motorist portion of the policy. Scott-Pontzer (1999),85 Ohio St.3d 660, 1999-Ohio-292. "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (King v.Nationwide Ins. Co [1988], 35 Ohio St.3d 208, 519 N.E.2d 1380, applied; Scott-Pontzer v. Liberty Mut. Fire Ins. Co. [1999],85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)" Galatis, supra, at paragraph two of the syllabus.
 {¶ 12} Here, we will assume, arguendo, that Castle Care Lawn Service is like a corporation. The policy named Castle Care Lawn Service as the insured. The policy used the word "you" to define the "insured." However, even though Howard was an employee of Castle Care Lawn Service, there is no evidence to show that he was acting within the course and scope of his employment.Scott-Pontzer as limited by Galatis. Consequently, Howard was not an insured under the insurance contract Erie issued to Castle Care Lawn Service and cannot receive UM benefits.
 {¶ 13} Accordingly, we overrule Beagle's sole assignment of error.
 III. {¶ 14} In conclusion, we find that Howard was not an insured under the UM coverage of the business auto policy Erie issued to Castle Care Lawn Service. We find that there is no genuine issue as to any material fact, Erie is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to Beagle.
 {¶ 15} Accordingly, we overrule Beagle's assignment of error and affirm the judgment of the trial court.
Judgment Affirmed.
Abele, J. and Evans, J., concur in Judgment and Opinion.