DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, Daniel R. Terry and Louise Terry, appeal from a judgment by the Ottawa County Court of Common Pleas granting summary judgment in favor of appellee, State Automobile Mutual Insurance Co. ("State Auto"). For the reasons that follow, we affirm.
 {¶ 2} This action arises from an April 13, 2001 motor vehicle accident that was caused by the negligence of Chrystal Wright, and resulted in personal injuries to Daniel Terry. At the time of the accident, Chrystal Wright was uninsured. However, the Terrys had an insurance policy with State Auto that included uninsured motorist coverage.
 {¶ 3} The terms of the Terrys' policy relevantly provided that "no legal action or arbitration proceedings may be brought against us unless the action or proceeding is begun within two years of the date of the accident."
 {¶ 4} On March 5, 2002, 11 months after the accident, counsel for the Terrys made a written demand to State Auto for medical payments coverage, uninsured/underinsured motorist coverage, and arbitration. However, under the express terms of the policy, arbitration was an option only where it was agreed to by both parties. On March 25, 2002, counsel for the Terrys was notified that State Auto did not agree to arbitration.
 {¶ 5} About a year later, on February 26, 2003, counsel for the Terrys made a written settlement demand for uninsured motorist benefits in the amount of $325,000.
 {¶ 6} On April 10, 2003, the Terrys filed their original complaint in this matter, alleging causes of action against Chrystal Wright, alone, as a tortfeasor. There were no allegations that Wright was uninsured or underinsured, nor were there any claims against State Auto for coverage of any type. On June 10, 2003, the Terrys filed their first amended complaint, alleging, for the first time, that Wright was uninsured and requesting declaratory relief against "State Auto Insurance Companies." The Terrys filed a second amended complaint on August 19, 2003, properly identifying appellee as "State Automobile Mutual Insurance Company."
 {¶ 7} On January 21, 2004, State Auto moved for summary judgment on the grounds that the Terrys did not initiate their lawsuit against State Auto until after the expiration of the two-year limitations period set forth in the contract. The trial court agreed and entered judgment in favor of State Auto. The Terrys timely appealed from the entry of judgment.
 {¶ 8} The Terrys raise the following assignments of error:
 {¶ 9} I. "The Trial Court erred when it granted Defendant-Appellee State Automobile Insurance Company's Motion for Summary Judgment as there is a genuine issue of material fact as to whether Plaintiffs-Appellants' [sic] began their action or proceeding against Defendant-Appellee within two years of the date of accident."
 {¶ 10} II. "The Trial Court erred in granting Defendant-Appellee's Motion for Summary Judgment as there is a genuine issue of material fact as to whether the language employed by Defendant in its policy of insurance, with regard to the two-year limitation within which an action or proceeding must begin, was clear and unambiguous."
 {¶ 11} An appellate court reviewing a trial court's granting of summary judgment does so de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Civ.R. 56(C) provides:
 {¶ 12} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as considered in this rule. * * *"
 {¶ 13} Summary judgment is proper where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party. Rybergv. Allstate Ins. Co. (July 12, 2001), 10th Dist. No. 00AP-1243, citingTokles Son, Inc. v. Midwestern Indemnity Co. (1992), 65 Ohio St.3d 621,629.
 {¶ 14} The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the nonmoving party's claims.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once this burden has been satisfied, the non-moving party has the burden, as set forth at Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
 {¶ 15} Examination of appellants' assignments of error reveals commonalities in the analyses necessary for their respective determinations. That is, in order to answer the question of whether the Terrys timely initiated their action or proceeding against State Auto, we are required to consider the policy language that imposes the time limitation in question. As result of this interconnectedness of issues, we find it best to consider appellants' assignments of error together.
 {¶ 16} As indicated above, the policy pertinently provides that "no legal action or arbitration proceedings may be brought against [State Auto] unless the action or proceeding is begun within two years of the date of the accident."
 {¶ 17} Although there is no question but that the lawsuit against State Auto was filed after the two-year deadline, the Terrys assert that their March 5, 2002 demand for uninsured motorist coverage and arbitration, and their February 26, 2003 demand for uninsured motorist benefits were each sufficient to satisfy the two-year requirement under the policy.
 {¶ 18} The law is well-settled that words used in an insurance contract are to be given their natural and usual meaning unless they are otherwise defined in the contract. Garlick v. McFarland (1953),159 Ohio St. 539, 545. "Contractual language is `ambiguous' only where its meaning cannot be determined from the four corners of the agreement or where the language is susceptible of two or more reasonable interpretations." Covington v. Lucia, 151 Ohio App.3d 409, 414, appeal denied, 99 Ohio St.3d 1345, citing Potti v. DuramedPharmaceuticals, Inc. (C.A.6, 1991), 938 F.2d 641, 647. Courts may not amplify or reduce unambiguous policy provisions in order to reach a result not intended by the parties. Progressive Specialty Ins. Co. v.Easton (1990), 66 Ohio App.3d 177, 180. However, "where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, syllabus.
 {¶ 19} Our review of the disputed policy provision reveals that its terms are, in fact, clear and unambiguous. Under the terms of the policy, anyone bringing a legal action or arbitration proceeding against State Auto must commence such action or proceeding within two years of the date of the accident.
 {¶ 20} According to the Terrys, the general demand for arbitration set forth in their March 5, 2002 letter was sufficient to discharge their obligations under the contract, not just with respect to arbitration, but also with respect to the commencement of a lawsuit. As indicated above, State Auto appropriately rejected the Terrys' arbitration demand and, in doing so, extinguished arbitration as a mechanism for dispute resolution in this case. It is the Terrys' contention that, regardless of and apart from the ultimate rejection of their arbitration demand, the very issuance of that demand obviated their obligation under the contract to begin a legal action within two years of the accident. Unfortunately for the Terrys, this contention does not comport with the clear and unambiguous policy provisions.
 {¶ 21} Under the policy, if a legal action is to be commenced, it must be commenced within two years of the date of the accident, and if an arbitration proceeding is to be commenced, it, too, must be commenced within two years of the date of the accident. There is nothing in the language of the policy to suggest that an attempt to initiate an arbitration proceeding in any way removes or alters the time requirement for filing a legal action. The Terrys' argument is therefore without merit.
 {¶ 22} The Terrys additionally assert that they satisfied the requirements under the policy by their February 26, 2003 demand for uninsured motorist benefits. In the February 26, 2003 letter that contained the demand, counsel for the Terrys: (1) set forth a detailed description of the losses claimed; (2) stated the value of the claim to be $325,000; and (3) issued a request that State Auto evaluate the claim in order to make Mr. Terry whole.
 {¶ 23} We do not agree with the Terrys that their February 26, 2003 demand for uninsured motorist benefits constituted the commencement of legal action. It was merely a demand for benefits made by the insured to the insurer. Although the policy, itself, provides no definition for the term "legal action," Black's Law Dictionary (7th Ed. 1999) defines an "action" as "[a] civil or criminal judicial proceeding." The following quotations, which are appended to the Black's Law Dictionary definition, provide additional guidance:
 {¶ 24} "`An action has been defined to be an ordinary proceeding in acourt of justice, by which one party prosecutes another party for theenforcement or protection of a right, the redress or prevention of awrong, or the punishment of a public offense. But in some sense this definition is equally applicable to special proceedings. Moreaccurately, it is defined to be any judicial proceeding, which, ifconducted to a determination, will result in a judgment or decree. The action is said to terminate at judgment.' 1 Morris M. Estee, Estee's Pleadings, Practice, and Forms § 3, at 1 (Carter P. Pomeroy ed., 3d ed. 1885) [emphasis added].
 {¶ 25} "`The terms `action' and `suit' are nearly if not quite synonymous. But lawyers usually speak of proceedings in courts of law as `actions,' and of those in courts of equity as `suits.' * * *.'" Id.
 {¶ 26} Because there was no judicial involvement associated with the February 26, 2003 demand, we find that the demand did not constitute legal action.
 {¶ 27} We next look to the Terrys' claim that the policy's two-year limitation is contrary to Ohio public policy. Case law establishes that prior to October 31, 2001, a two-year limitations period was considered lawful and enforceable. See Marsh v. State Automobile Mut. Ins. Co.
(1997), 123 Ohio App.3d 356; Miller v. Progressive Cas. Ins. Co.
(1994), 69 Ohio St.3d 619, 624-625. Effective October 31, 2001, the Ohio General Assembly amended R.C. 3937.18(H) to expressly permit policy terms requiring a three-year limitations period.[1] However, the General Assembly did not specify that newlyamended statute should be applied retroactively. Where the legislature has not specified retroactive application, a statute is to be applied prospectively. R.C. 1.48; VanFossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 105-106.
 {¶ 28} Because there is no retroactive effect to the October 31, 2001 amendment of R.C. 3937.18(H), and because courts have found that prior to the effective date of the amendment a two-year limitation period to bring suit for an uninsured motorist claim did not violate public policy, we do not find that the two-year contractual time limit in this case violated the public policy of Ohio.
 {¶ 29} For the foregoing reasons, appellants' first and second assignments of error are found not well taken. Accordingly, we affirm the judgment of the trial court. Pursuant to App.R. 24, costs are assessed to the appellants.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., concur.
[1] Amended R.C. 3937.18(H) relevantly provides: Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions requiring that * * * each claim or suit for uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages be made or brought within three years after the date of the accident causing the bodily injury, sickness, disease, or death * * *.