OPINION
{¶ 1} Appellant, James Aylsworth, appeals the judgment entry of the Lake County Court of Common Pleas awarding appellee, Motorists Insurance Group, summary judgment. At issue is whether appellant is entitled to coverage under his *Page 2 
Motorists homeowner's insurance policy for bodily injury caused to plaintiff, Eric C. Choby, when he was attacked by appellant's dog. For the reasons that follow, we affirm.
 {¶ 2} On February 24, 2004, at approximately 5:00 p.m., Choby was loading firewood in a wheelbarrow at the home of Robert Gallo on Hermitage Drive in Concord Township, Ohio. Gallo lives next door to appellant. At that time appellant was in his back yard with his dalmation dog. The dog was not on a leash or otherwise restrained. There was no fence confining the dog in appellant's yard. The dog left appellant's property and went onto Gallo's property. The dog approached Choby. He extended his hand to the dog to allow him to sniff it. Choby then bent down to pat the dog. The dog lunged at his face and bit his lip. Choby yelled out to appellant and said his dog had bit him. Appellant walked over. Choby was bleeding profusely from his mouth. Appellant told him he should get medical attention. Choby drove himself to Lake East Emergency Room for treatment. He required stitches and plastic surgery to the inside and outside of his lip as the dog had bitten off a one-inch square section from his lip.
 {¶ 3} Prior to this incident, on August 25, 2001, appellant's dog bit a woman named Allison Powers in her head. Ms. Powers is the mother of a child who was a friend of appellant's son. This incident occurred while she was in appellant's kitchen. She obtained emergency treatment at The Urgent Care Center.
 {¶ 4} Also, prior to the instant incident, appellant's dog had attacked a small poodle-like dog that lived next door and was owned by Gallo. Following that attack, the dog required veterinary treatment for her injuries. Appellant paid the bills for that treatment. *Page 3 
 {¶ 5} In his deposition, appellant testified that his dog "only bites once and then runs off." Appellant never reported any of these earlier incidents to the Lake County Dog Warden or to appellee.
 {¶ 6} Appellant submitted a claim concerning the instant matter to appellee under his homeowner's insurance policy. Appellee investigated the claim, and determined it was excluded under the terms of the policy because the injury was caused by a vicious or dangerous dog. Appellee advised appellant by its letter of April 13, 2004, that the claim was denied, but gave him an opportunity to provide any information appellant felt might change appellee's position.
 {¶ 7} On August 27, 2004, Choby filed the complaint in this case against appellant. Appellant filed a third-party complaint against appellee, alleging that appellee denied him insurance coverage in bad faith. Appellant also sought a declaration that he was entitled to coverage under his homeowner's insurance policy. Appellee filed a counterclaim for declaratory judgment, seeking a declaration that appellant was not entitled to coverage under the policy.
 {¶ 8} Appellee filed a motion for summary judgment. Appellant filed his brief in opposition. On May 1, 2004, the trial court denied appellee's motion in an interlocutory order. On June 13, 2006, the trial court revised its decision and granted summary judgment in favor of appellee. On June 19, 2006, the trial court issued a nunc pro tunc judgment entry, finding that there was "no just reason for delay" pursuant to Civ.R. 54(B). On July 11, 2006, appellant voluntarily dismissed his bad faith claim against appellee. Appellant appeals the trial court's entry of summary judgment, asserting the following assignment of error: *Page 4 
 {¶ 9} "The trial court committed reversible error by granting third party defendant's (sic) motion for summary judgment."
 {¶ 10} Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto County Comm'rs. (1993),87 Ohio App.3d 704, 711. The Brown court stated: "we review the judgment independently and without deference to the trial court's determination." Id.
 {¶ 11} In order for summary judgment to be granted, the moving party must prove: "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v.Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389.
 {¶ 12} The Supreme Court stated in Dresher v. Burt, 75 Ohio St.3d 280,296, 1996-Ohio-107:
 {¶ 13} "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis omitted.)
 {¶ 14} If the moving party satisfies this burden, then the nonmoving party has the burden to provide evidence demonstrating a genuine issue of material fact. If the *Page 5 
nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E).
 {¶ 15} In his first assignment of error, appellant argues that appellee improperly denied insurance coverage to appellant pursuant to endorsement H.O. 7134 of the policy, which states:
 {¶ 16} [Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to "bodily injury" or "property damage":] m. Arising out of the actions of a dangerous or vicious dog, as defined under Ohio Rev. Code, Sec. 955.11, and the "insured's" failure to keep:
 {¶ 17} "(1) The dangerous dog, while on the premises of the owner, keeper or harborer, restrained by a leash or a tether;
 {¶ 18} "(2) The vicious dog while on the premises of the owner, keeper or harborer, securely confined at all times in a locked pen that has a top, a locked fenced yard or other locked enclosure that has a top; and
 {¶ 19} "(3) The dangerous and vicious dog, while off the premises of the owner, keeper or harborer, on a chain-link leash or tether that is not more than six feet in length and in addition, keep the dog:
 {¶ 20} "a. Confined in a locked pen that has a top, locked fenced yard, or other locked enclosure that has a top;
 {¶ 21} "b. Leashed or tethered and controlled by a person who is of suitable age and discretion or securely attach, tie, or affix the leash or tether to the ground or a stationary object or fixture so that the dog is adequately restrained and station such a *Page 6 
person in close enough proximity to that dog so as to prevent it from causing injury to any person; or
 {¶ 22} "(4) Muzzled."
 {¶ 23} R.C. 955.11(A)(4)(a) defines "vicious dog" as
 {¶ 24} "a dog that, without provocation * * * meets any of the following:
 {¶ 25} "(i) Has killed or caused serious injury to any person;
 {¶ 26} "(ii) Has caused injury, other than killing or serious injury, to any person, or has killed another dog."
 {¶ 27} R.C. 955.11(A)(1)(a) defines "dangerous dog" as
 {¶ 28} "a dog that, without provocation * * * has chased or approached in either a menacing fashion or an apparent attitude of attack, or has attempted to bite or otherwise endanger any person, while that dog is off the premises of its owner, keeper, or harborer and not under the reasonable control of its owner, keeper, harborer, or some other responsible person, or not physically restrained or confined in a locked pen which has a top, locked fenced yard, or other locked enclosure which has a top."
 {¶ 29} Appellant testified in his deposition that he received his homeowner's insurance policy, but never read it. Insurance policies are construed as any other contract, and an insured is thus bound by the terms of the policy. Nationwide Mut. Ins. Co. v. Sams (June 9, 1989), 6th Dist. No. E-88-27, 1989 Ohio App. LEXIS 2126, *7. Once an insured receives and accepts an insurance policy, he is presumed to know and accept all terms and conditions of the policy. Travelers Ins. Co. v.Myers (1900), 62 Ohio St. 529, 541 (overruled on other grounds byEmployers' Liability Assur. Corp. v. Roehm (1919), 99 Ohio St. 343.) *Page 7 
 {¶ 30} Appellant argues that because appellee defined the terms "vicious dog" and "dangerous dog" by incorporating the definitions of those terms in the Ohio Revised Code without providing him a copy of the entire Code section, the exclusion is ambiguous and unenforceable. Appellant further argues that because other provisions of R.C. 955.11
are not referenced in the policy, the exclusion is ambiguous for this additional reason. Appellant has failed to cite any authority in support of this argument.
 {¶ 31} Our review of the law has failed to disclose any authority in support of appellant's argument. We do not agree with appellant's position that the failure to provide a copy of the entire section of the Revised Code referenced in an exclusion creates an ambiguity. An ambiguous provision in an insurance policy is one that is susceptible to more than one interpretation. Beagle v. Schwaben, 4th Dist. No. 03 CA 42, 2004-Ohio-433, at ¶ 10. Appellant has not demonstrated any other interpretation which could result from a construction of the policy other than the one which results from the reference to the definitions of "vicious dog" and "dangerous dog" in R.C. 955.11. We hold that appellee's incorporation of the definitions of "vicious dog" and "dangerous dog" at R.C. 955.11 to define those terms in the subject policy without providing the entire text of R.C. 955.11 to appellant did not create an ambiguity. Appellant is thus bound by the terms of the exclusion.
 {¶ 32} If we were to hold otherwise, insurers would be discouraged from using the Ohio Revised Code to define terms in an insurance policy. The use of definitions found in the Revised Code to define terms used in insurance policies promotes uniformity and clarity in that industry rather than ambiguity, as appellant argues. This practice should be promoted as a laudatory goal. Further, the reference in the policy to *Page 8 
specific provisions in the Revised Code provides sufficient notice to insureds of the definitions of such terms. We note that the Ohio Revised Code is readily available online and at public libraries to anyone interested in reading its provisions.
 {¶ 33} Appellant also argues that, pursuant to the holding of the Ohio Supreme Court in State v. Cowan, 103 Ohio St.3d 144, 2004-Ohio-4777, he was entitled to a pre-denial hearing by appellee on the issue of whether his dog was a vicious or dangerous dog. The most cursory reading ofCowan reveals that the holding in that case does not apply here. InCowan the Portage County Dog Warden, after investigating a complaint of a dog bite, determined the defendant's dogs were vicious. He advised the defendant they must be confined. The Dog Warden later found the dogs were not restrained in violation of R.C. 955.22, and the defendant was charged with a violation of that criminal statute.
 {¶ 34} The court held that because R.C. 955.22 authorized the Dog Warden to determine the defendant's dogs were vicious without an opportunity for the defendant to be heard, her property rights had been infringed by official state action. The court held:
 {¶ 35} "* * * [Procedural due process under both the Ohio and United States Constitutions requires * * * an opportunity to be heard when the state seeks to infringe a protected liberty or property right. * * * [T]he legislature may not constitutionally authorize the deprivation of a property interest, once conferred, without appropriate procedural safeguards." Id. at ¶ 8.
 {¶ 36} The court in Cowan held that there must be state action before procedural due process is implicated. Only where state action threatens to infringe a protected liberty or property right must procedural due process in the form of a hearing be *Page 9 
provided. The state action in Cowan was the determination by the state agent that the defendant's dogs were vicious and subsequent criminal prosecution.
 {¶ 37} As is readily apparent, state action is not involved in the present case. Rather, appellant seeks declaratory judgment that he is entitled to coverage under his homeowner's insurance policy. A controversy between an insurer and its insured as to its duty to defend is properly determinable by a declaratory judgment action. TravelersIndemnity Co. v. Cochrane (1951), 155 Ohio St. 305, paragraph one of the syllabus.
 {¶ 38} The Ohio Supreme Court has held that a declaratory judgment action filed by an insurer against an insured to construe an insurance policy and determine the insurer's obligations to the insured is properly triable to the court. Erie Ins. Group v. Fisher (1984),15 Ohio St.3d 380, syllabus.
 {¶ 39} Since the purpose of appellant's action against appellee was to construe his insurance policy and determine appellee's obligations to him, the appropriate vehicle for appellant to accomplish this objective was a declaratory judgment action. Because state action is not involved here, a hearing was not required under Cowan. Appellant was thus not entitled to a hearing by appellee before it made its determination that the subject exclusion barred recovery.
 {¶ 40} It is worth noting that following appellee's initial determination that coverage was excluded, appellee in its denial letter to appellant gave him an opportunity to present any information that he felt might cause it to change its position concerning coverage. AlthoughCowan does not require a pre-denial hearing, we hold that appellee provided appellant an opportunity to be heard before it made its final decision. *Page 10 
 {¶ 41} Contrary to appellant's argument, the Ohio Supreme Court inCowan did not hold the definitions of "vicious dog" and "dangerous dog" in R.C. 955.11 were ambiguous. Rather, it held that the lack of an opportunity to be heard on the issue of whether the defendant's dogs were vicious prior to state action infringing on her liberty or property interest violated procedural due process. We note that appellant concedes in his brief that after Cowan, "the definitions [of "vicious dog" and "dangerous dog"] are still viable" and that "a dog may `fit' the definitions as stated in R.C. 955.11."
 {¶ 42} We also point out that in Chief Justice Moyer's dissent inCowan, he noted that the definitions of "vicious dog" and "dangerous dog" in R.C. 955.11 were left intact.
 {¶ 43} Finally, appellant argues the trial court was required to explain the reason it considered his trainer's affidavit dispositive in its first judgment entry and disregarded it in the final judgment. Appellant cites no authority in support. We note that the trial court simply referenced in its first judgment entry the trainer's affidavit along with its recitation of the other evidence presented on summary judgment. The court did not indicate the trainer's affidavit was dispositive. The court's original judgment entry did not include the finding of "no just reason for delay" under Civ.R. 54(B). Civ.R. 54(B) provides:
 {¶ 44} "In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Page 11 
 {¶ 45} Since the court had not found that there was "no just reason for delay" in its original judgment entry, the entry was subject to revision at any time. The trial court was not required to give a reason for any subsequent revision.
 {¶ 46} In its final judgment entry, the trial court held that, based on the undisputed facts in the record, the subject exclusion applied and appellant was not entitled to coverage. That evidence included the following:
 {¶ 47} 1. Appellant's dog was not on a leash, tethered or in any way confined or restrained on the day it bit Choby.
 {¶ 48} 2. The dog was not provoked prior to biting Choby.
 {¶ 49} 3. The dog caused bodily injury to Choby, requiring him to seek medical attention. This treatment included stitches to the inside and outside of Choby's lip and plastic surgery.
 {¶ 50} 4. In 2001, the dog bit Allison Powers on the head in appellant's own kitchen. She sought treatment at The Urgent Care Center.
 {¶ 51} 5. Appellant states in his brief that in the incident involving Ms. Powers, when his dog bit her he was playing or trying to get her attention. He thus admitted there was no provocation in that earlier attack.
 {¶ 52} 6. Appellant admitted his dog had previously bit the neighbor's small poodle-type dog, for which appellant paid the dog's veterinary expenses.
 {¶ 53} 7. Appellant admitted that his dog bites people and then runs away.
 {¶ 54} Neither appellant nor his trainer disputed any of these facts. The fact that they offered their opinions that the dog was not vicious does not address the specific facts adduced which supported each element of the exclusion. As a result, the *Page 12 
affidavits of appellant and his trainer did not create a genuine issue of material fact concerning whether the exclusion applied.
 {¶ 55} Finally, we do not agree that because appellee incorporated the statutory definitions of "vicious dog" and "dangerous dog" at R.C.955.11, appellee was required to prove the elements of the exclusion beyond a reasonable doubt. Appellant has not produced any authority in support of this argument. Moreover, there are numerous instances in the Ohio Revised Code where the legislature has provided a civil remedy for the violation of a criminal statute. In none of those situations is the victim required to prove his civil action beyond a reasonable doubt. See, R.C. 2307.70 (civil action for vandalism, desectration, or ethnic intimidation), R.C. 2307.44 (civil action for hazing), R.C 2307.50
(civil action for interference with parental or guardianship interest in minor), R.C. 2307.52 (civil action for terminating or attempting termination of pregnancy after viability), R.C. 2307.60 (civil recovery for criminal act), and R.C. 2933.65 (civil remedy for interception of wire, oral or electronic communications).
 {¶ 56} For the reasons stated in the opinion of this court, the assignment of error is without merit, and it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
 DIANE V. GRENDELL, J., COLLEEN MARY OTOOLE, J., concur. *Page 1