DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, in which the trial court granted summary judgment to appellee, American Standard Insurance Company of Ohio ("American Standard"), in a declaratory judgment action.
On appeal, appellants, Greta Holloway and her children, Chad, Joseph, Thomas, Alexis, and Aaliyah Holloway,[1] set forth the following as their sole assignment of error:
 {¶ 2} "First Assignment of Error:
 {¶ 3} "The trial court erred in granting Appellee, American Standard Insurance Company of Ohio's Motion for Summary Judgment."
 {¶ 4} The relevant, undisputed facts are as follows. On April 17, 2001, American Standard issued automobile insurance policy number 0763-6066-03-75-SPPA-OH ("the policy"), with effective dates of April 17, 2001 to April 23, 2001, to appellant, Greta Holloway ("Holloway"). The limits for both liability and uninsured/underinsured motorist coverage under the policy were $100,000 per person and $300,000 per accident.
 {¶ 5} On April 22, 2001, Holloway and her children were driving southbound in Holloway's SUV on a highway in Laurens County, South Carolina, when a northbound vehicle driven by Buck Ray Lowman crossed the center line and entered Holloway's lane of traffic. Holloway swerved to avoid colliding with Ray's vehicle; however, the evasive maneuver caused Holloway to lose control of the SUV which rolled over, injuring her five children.
 {¶ 6} On April 19, 2004, the children filed a complaint in the Laurens County Court of Common Pleas, case number 2004-CP-30-305, in which they alleged negligence on behalf of both Lowman and Holloway. On November 17, 2005, American Standard filed a declaratory judgment action in the Lucas County Court of Common Pleas, in *Page 2 
which it asked the trial court to determine whether it is obligated under Ohio law to: (1) defend Holloway in the lawsuit brought by her five children in South Carolina; (2) provide liability coverage for Holloway in the South Carolina lawsuit; and (3) provide uninsured/underinsured motorist coverage if the children's claims against Holloway and/or Lowman in the South Carolina lawsuit are successful.
 {¶ 7} On July 26, 2006, American Standard filed a motion for summary judgment and memorandum in support, in which it asserted that Holloway's five children are not entitled to coverage as a matter of law. In support, American Standard argued that the policy language contains a "household exclusion" that effectively precludes liability and uninsured/underinsured motorist coverage for the children's claims against Holloway and Lowman arising from the South Carolina accident. American Standard further argued that Holloway's children are precluded from uninsured motorist coverage because they did not commence an action against American Standard within two years of the accident, as required by the terms of the policy. Attached to American Standard's memorandum was a verified copy of the policy, the relevant portions of which are as follows:
 {¶ 8} Part I of the policy contained the following relevant exclusions from liability coverage:
 {¶ 9} "10. Bodily injury to:
 {¶ 10} "* * *
 {¶ 11} "b. You or any person related to you and residing inyour household; or
 {¶ 12} "c. Any person related to the operator and residing in the household of the operator." (Emphasis original.) *Page 3 
 {¶ 13} Part III of the policy also provided uninsured motorist coverage, as follows:
 {¶ 14} "We will pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle * * *." (Emphasis original.)
 {¶ 15} The policy defined the terms "you" and "your" as "the policyholder named in the declarations [page]" which, in this case, is Holloway. The policy defined "your insured car" as "[a] ny car described in the declarations page" which, in this case, was Holloway's SUV. Part VI, paragraph 4 of policy, further stated:
 {¶ 16} "Suit Against Us. We [American Standard] may not be sued unless all the terms of the policy are complied with. We may not be sued under the Liability coverage until the insured's obligation to pay is finally determined at the trial and appeal, if any, or by written agreement of the insured, the claimant and us. We may not be sued under the Uninsured Motorist coverage on any claim that is barred by the tort statute of limitations.
 {¶ 17} "Any action to recover under Uninsured Motorist coverage must be started within 2 years after the accident."
 {¶ 18} The children filed a memorandum in opposition to summary judgment on September 19, 2006, in which they asserted that American Standard cannot avoid its obligation to provide both liability coverage and uninsured motorist coverage by invoking the "household exclusion" section of the policy. In support, the children argued that, if Holloway does not have liability coverage for her children's claims by virtue of the household exclusion, then the children are entitled to uninsured motorist coverage. As to the limitation period imposed by the policy, the children argued that no "action" *Page 4 
was taken within two years in this case, because the trial court had not yet found Holloway to be "uninsured." Accordingly, the three-year limitation under South Carolina should prevail, and their claims for uninsured motorist coverage are not barred. Finally, the children argued that the trial court should, as a matter of law, declare them to be "underinsured" as to their claims against Lowman.
 {¶ 19} On December 1, 2006, the trial court filed a judgment entry in which it found that American Standard did not have a duty to provide Holloway with liability coverage against her children's claims, or to defend her in the South Carolina lawsuit. The trial court further found that American Standard did have a duty to provide uninsured motorist insurance for the children; however, the children's claims for that coverage were time-barred because they were not brought within two years after the accident, as required by the terms of the policy.
 {¶ 20} On December 13, 2006, American Standard filed a motion in which it asked the trial court to clarify its judgment as applied to the children's claims against Lowman. On December 26, 2006, the trial court issued a nunc pro tunc order in which it found that the children were entitled to underinsured motorist coverage "to the extent that damages are assessed in their favor against Buck Ray Lowman that exceed his insurance liability limits * * *." A timely notice of appeal was filed on January 2, 2007.
 {¶ 21} Appellants, Holloway and the children, assert in their sole assignment of error that the trial court erred by finding the children's claims for uninsured motorist insurance are time-barred by the two-year policy limitation, and granting summary judgment to American Standard on that basis. In support, appellants argue that the two- *Page 5 
year limitation should not apply in this case since the action originally arose in tort, not contract, and the trial court did not find that Holloway was an "uninsured driver," thereby invoking the contract limitation, until several years after the accident occurred.
 {¶ 22} We note at the outset that an appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129; Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 23} On appeal, appellants do not challenge the trial court's determination that, absent any applicable policy exclusions, the children are entitled to uninsured motorist benefits under the policy for their claims against Holloway and underinsured motorists benefits for their claims against Lowman. However, appellants assert that the trial court erred when it concluded that the children's claims for uninsured motorist benefits against Holloway, while allowed by law, are nevertheless barred by the policy's two-year limitation on the bringing of such an action.
 {¶ 24} Effective October 31, 2001, R.C. 3937.18(H) was amended to provide that:
"Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions requiring that * * * each claim or suit for uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist *Page 6 
coverages be made or brought within three years after the date of the accident causing the bodily injury, sickness, disease, or death * * *."
 {¶ 25} In Terry v. Wright, 6th Dist. No. OT-04-037, 2005-Ohio-2942, this court held that, prior to the amendment of R.C. 3937.18(H), a two-year limitation in an insurance policy on the filing of uninsured motorist claims was "lawful and enforceable." Id., ¶ 27. We further found that, because the Ohio Legislature did not intend to make the changes to R.C. 3937.18(H) apply retroactively, such a limitation in a policy issued prior to October 31, 2001, does not violate public policy. Id. In Sarmiento v. Grange Mutual Casualty Co., 106 Ohio St.3d 403,2005-Ohio-5410, the Ohio Supreme Court held that an insurance policy's two-year limitation on the filing of uninsured motorist claims is enforceable, regardless of whether the accident occurred in a foreign state with a longer statute of limitation for the underlying tort claim. Id., paragraph one of the syllabus. The Ohio Supreme Court also held inSarmiento that such a limitation is not tolled "for persons who are minors at the time the cause of action accrues." Id., paragraph two of the syllabus.
 {¶ 26} Appellants acknowledge that, at first blush, the children's claims are time-barred by the rules set forth in Terry, supra, andSarmiento, supra. Nevertheless, appellants tenaciously argue that this case is factually distinguishable from both Terry andSarmiento, because the claimants in those cases attempted to recover uninsured motorist benefits for injuries caused by tortfeasors who were uninsured at the time of the accident, whereas Holloway had insurance at the time of the South Carolina accident. Accordingly, appellants assert that the rules set forth in Terry and Sarmiento do not apply *Page 7 
to the children's claims, since Holloway did not actually become an "uninsured driver" for purposes of determining their entitlement to uninsured motorist benefits, until several years after the accident, when she was "deemed" to be uninsured by the trial court. We disagree.
 {¶ 27} There is no evidence in the record, and appellants do not claim, that the two-year limitation provision was not part of the policy when it became effective on April 17, 2001. It is well-settled in Ohio that, "[o] nce an insured receives and accepts an insurance policy, he is presumed to know and accept all terms and conditions of the policy."Choby v. Aylsworth, 11th Dist. No. 2006-L-144, 2007-Ohio-3375, ¶ 29, relying on Travelers Ins. Co. v. Myers (1900), 62 Ohio St. 529, 541
(overruled on other grounds by Employer's Liability Assur. Corp. v.Roehm (1919), 99 Ohio St. 343). Accordingly, any limitation on the bringing of an action for uninsured motorist benefits was in full force and effect at the time of the policy's inception, regardless of whether Holloway was aware of the consequences of all its terms.
 {¶ 28} This court has reviewed the entire record of proceedings that was before the trial court and, upon consideration thereof, finds that the children's claims against Holloway for uninsured motorist coverage are barred by the policy's two-year limitation period on the bringing of such actions. We further find that there remains no other genuine issue of material fact and, after considering the evidence presented most strongly in favor of appellants, appellee is entitled to summary judgment as a matter of law. Appellants' sole assignment of error is not well-taken. *Page 8 
 {¶ 29} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR.
[1] Depending on which use is most appropriate, Holloway and her children will either be referred to separately as "Holloway" and "the children," or collectively as "appellants." *Page 1